IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ENRIQUE CORPUS,<br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,[1]<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. EP-14-CV-87-ATB<br>(by consent) |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings.

### I.　PROCEDURAL HISTORY

On October 13, 2010, Plaintiff filed an application for DIB, alleging a disability onset date of October 1, 2010. (R. 128). His application was denied initially and denied upon

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

No. EP-14-CV-87-ATB　　　　　　　　　1

reconsideration. (R. 58, 68). Plaintiff filed a request for a hearing, which was held on September 20, 2012. (R. 32-50, 71). The Administrative Law Judge ("ALJ") issued a decision on October 1, 2012, denying benefits. (R. 18-27). Subsequently, the Appeals Council denied review. (R. 1-4).

## II. ISSUE

Plaintiff presents the following issue for review:

1. Whether the ALJ failed to give Plaintiff's treating physician's opinion the proper weight when determining Plaintiff's residual functional capacity ("RFC") warranting remand. (Pl.'s Br. 2, ECF No. 21).

Plaintiff contends that the ALJ failed to give the proper weight to Dr. Argelia Woo-Telles, Plaintiff's treating physician, when making the RFC determination. (*Id.* at 3-6). Specifically, Plaintiff claims that the ALJ failed to perform an analysis of the six factors stated in 20 C.F.R. § 404.1527(c) prior to rejecting the opinion of Dr. Woo-Telles. (*Id.* at 3-5). Additionally, Plaintiff argues that the medical evidence supports Dr. Woo-Telles' Medical Source Statement ("MSS") and that the ALJ cannot pick and choose the evidence that supports her position. (*Id.* at 4-6). Plaintiff maintains that the ALJ failed to properly consider the entire record and performed her own interpretation of the medical evidence, resulting in an inaccurate RFC determination. (*Id.* at 5-6). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id.* at 6).

## III. DISCUSSION

A. **Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309

F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.     Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had the following severe impairments: obesity and heel spurs. (R. 20). The ALJ determined that Plaintiff did not have an impairment

or combination of impairments that met or medically equaled the listed impairments. (R. 22). In doing so, the ALJ determined that prior determinations, including the opinions of state agency physicians that concluded that Plaintiff's impairments neither met nor equaled the listed impairments, were well-reasoned and supported by the evidence of record. (R. 22). After considering the entire record, the ALJ determined that the Plaintiff retained the RFC to perform light work,[2] limited insofar as Plaintiff "should avoid exposure to hazards (i.e., unprotected heights, dangerous machinery, etc)." (R. 22-23). The ALJ then determined that Plaintiff was able to perform his past relevant work as an assembler and a clothes pricer as generally performed. (R. 26-27). Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision. (R. 27).

C.   **The ALJ's Determination of Plaintiff's Residual Functional Capacity**

Plaintiff contends that substantial evidence does not support the ALJ's RFC determination because the ALJ failed to accord the proper weight to Dr. Woo-Telles' opinion and the ALJ was picking and choosing the evidence which best supported her position. (Pl.'s Br. 3-6, ECF No. 21).

Residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. §404.1545; SSR 96-8p. The responsibility to determine the plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this

---

[2] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."). Additionally, SSR 83-10 states, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

determination, the ALJ must consider all the record evidence and determine the plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is the plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). The plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

**D.    Analysis**

**1.  The ALJ Failed to Properly Consider the Opinion Evidence**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error. (Pl.'s Br. 2, ECF No. 21). Specifically, Plaintiff maintains that the ALJ improperly accorded no weight to the opinion of Dr. Woo-Telles, Plaintiff's treating physician, without performing the analysis required under 20 C.F.R. § 404.1527(c). (*Id.* at 3, citing *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)). Plaintiff argues that the only record that contradicts Dr. Woo-Telles' opinion is from Dr. Robin Rosenstock, the non-examining state agency medical consultant, whose opinion was primarily based on the report from Dr. Mauricio E. Jimenez, the

consultative examiner. (*Id.* at 4). Plaintiff also argues that Dr. Rosenstock's opinion fails to take into account Plaintiff's medical records, testimony, and reports indicating that his ability to stand and/or walk for extended periods is significantly limited. (*Id.*, citing R. 38, 41, 43-44, 46, 60, 161, 165, 176, 179-80, 184, 191, 194). Plaintiff further contends that Dr. Woo-Telles' MSS should be given greater weight. (*Id.* at 5, citing R. 25-26). Plaintiff further maintains that "the ALJ side steps Dr. Woo-Telles' [MSS] by summarily finding that Dr. Woo-Telles did not indicate that Plaintiff could not perform work, did not [im]pose environmental limitations, and could work within the restrictions [listed in the MSS]." (*Id.* at 5, citing R. 26). In support, Plaintiff states that the medical records contain evidence regarding Plaintiff's obesity and notes of knee pain, heel pain, and osteoarthritis. (*Id.*, citing R. 225-47, 251, 253-87, 300, 344, 373, 378, 390-445). Therefore, Plaintiff contends that the ALJ failed to give Dr. Woo-Telles' opinion the proper weight. (*Id.* at 5-6).

The Commissioner responds by arguing that the ALJ properly weighed Dr. Woo-Telles' opinion because 1) there is reliable evidence from Dr. Jimenez that controverts Dr. Woo-Telles' opinion; and 2) Dr. Woo-Telles' opinion does not support her own MSS. (Def.'s Br. 3-5, ECF No. 22). Additionally, the Commissioner argues that the ALJ properly considered Plaintiff's obesity in determining Plaintiff's RFC.[3] (*Id.* at 7-8). Thus, the Commissioner contends that the ALJ properly discounted Dr. Woo-Telles' opinion. (*Id.* at 8).

"An ALJ is required to explain the weight given to the opinion of a claimant's treating physician." *Davis v. Astrue*, Civ. A. No. C-08-127, 2008 WL 4589754, at * (S.D. Tex. Oct. 14, 2008). "The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton*,

---

[3] As the Plaintiff does not argue that the ALJ erred in evaluating Plaintiff's obesity, the Court need not address the Commissioner's argument on this point.

209 F.3d at 455 (citations omitted). 20 C.F.R. § 404.1527(c)(2) provides that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it] give[s] [the claimant's] treating source's opinion" and includes six factors an ALJ must consider if the treating physician's opinion is rejected. *See id.* at 455-56. These factors are: 1) the physician's length of treatment of the claimant; 2) the physician's frequency of examination; 3) the nature and extent of the treatment relationship; 4) the support for the physician's opinion afforded by the medical evidence of record; 5) the consistency of the opinion with the record as a whole; and 6) the specialization of the treating physician. *See id.*; *see also* 20 C.F.R. § 404.1527(c)(2). "[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)(2)]." *Newton*, 209 F.3d at 453. However, the ALJ is not required to perform the detailed analysis "where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another." *Id.* at 458 (citation omitted).

In making her decision, the ALJ determined that Plaintiff retained the RFC to perform light work, limited insofar as Plaintiff "should avoid exposure to hazards (i.e., unprotected heights, dangerous machinery, etc)." (R. 22-23). Of the pertinent evidence analyzed to reach that conclusion,[4] the ALJ first considered Dr. Jimenez's consultative examination performed on January 18, 2011. (R. 24). Plaintiff presented with complaints of sleep apnea, high blood pressure, and pain in his knees and heels. (R. 249). In reviewing Plaintiff's history of present illness, Dr. Jimenez noted that Plaintiff stated he had been sleeping better with a CPAP

---

[4] Although the ALJ reviewed other evidence before making her RFC determination, the Court focuses on Dr. Jimenez's report, Dr. Woo-Telles' MSS, and the ALJ's discussion of the opinion evidence because the Court finds that these portions of the record are dispositive of the issue presented.

machine,[5] that he had no complications from his hypertension, that he had knee pain "on a daily basis" and that the pain "becomes so severe" that Plaintiff must stop walking after five to ten minutes, and that he had pain in both heels. (R. 249). Upon physical examination, Dr. Jimenez found that Plaintiff's gait, ability to squat, and heel and tiptoe walking were normal. (R. 25, 251). Dr. Jimenez diagnosed Plaintiff with sleep apnea, morbid obesity, hypertension, left knee pain, bilateral knee pain, and anxiety and depression. (R. 25, 251). However, Dr. Jimenez did not opine as to whether Plaintiff had any limitations as a result of his conditions. (R. 249-51).

The ALJ also considered Dr. Woo-Telles' MSS, dated August 10, 2011, which stated that Plaintiff is able to lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for at least two hours in an eight hour workday, occasionally climb, balance, crouch, and crawl, and never kneel. (R. 25, 426-29). The limitations set forth in Dr. Woo-Telles' MSS were based on Plaintiff's body mass index of 43, positive x-ray findings of calcaneal spurs,[6] subjective pain syndrome, decreased endurance, and sleep apnea. (R. 427). The ALJ found that

> [Dr. Woo-Telles] did not indicate that [Plaintiff] could not perform work. In fact, [Dr. Woo-Telles] did not [im]pose environmental hazards. [Dr. Woo-Telles] indicates that [Plaintiff] can work within the restrictions [Dr. Woo-Telles] found in her [MSS] . . . . Additionally, the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision.

(R. 26). The ALJ, however, did not indicate what weight she assigned to Dr. Woo-Telles' medical opinion.

Additionally, the ALJ stated that state agency physicians determined that Plaintiff could perform work at the medium exertional level with some postural restrictions. (R. 26). The ALJ

---

[5] CPAP stands for "continuous positive airway pressure." *Dorland's Illustrated Medical Dictionary* 427 (32d ed. 2012).

[6] Calcaneal spurs are defined as "an abnormal bony projection on the calcaneus, most often its posterior or plantar surface; some are benign, but others cause severe pain when a person walks." *Dorland's Illustrated Medical Dictionary* 1757 (32d ed. 2012).

determined that her RFC determination was consistent with state agency medical consultants' opinions that Plaintiff was not disabled. (R. 26). Therefore, the ALJ assigned "great weight to the opinions of the state agency medical consultants." (R. 26). The ALJ, however, did not indicate that evidence from Dr. Jimenez or any of the state agency consultants was more well-founded than Dr. Woo-Telles' opinion.

  The Court finds that the ALJ did not properly consider the opinion evidence because the ALJ failed to articulate what weight she assigned to Dr. Woo-Telles' opinion, did not address the factors set forth in 20 C.F.R. § 404.1527(c)(2), or alternatively, did not find as a factual matter that one doctor's opinion was more well-founded than Dr. Woo-Telles' opinion. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455 (citations omitted). Although the Court can infer that the ALJ chose to discount Dr. Woo-Telles' opinion and gave greater weight to the non-examining, non-treating physicians, the ALJ's failure to articulate the reasons for discounting Dr. Woo-Telles' opinion constitutes error. Moreover, it is clear to the Court that the ALJ did not specifically address the factors set forth in 20 C.F.R. § 404.1527(c)(2). (R. 23-26). Even if the ALJ was not required to analyze those factors, the ALJ committed error by failing to find as a factual matter that another doctor's opinion was more well-founded than Dr. Woo-Telles' opinion. Furthermore, the Court cannot rely on the arguments set forth in the Commissioner's Brief regarding reliable medical evidence controverting Dr. Woo-Telles' opinion because the Court is bound by the reasons set forth in the ALJ's decision. *Newton*, 209 F.3d at 455 (citations omitted). The ALJ's lack of an explanation regarding Dr. Woo-Telles' opinion supports Plaintiff's position that the ALJ did not properly discount Dr. Woo-Telles' opinion.

In light of these errors, which could have amounted to a different RFC determination and a different determination at step four, the Court finds that it is not inconceivable that a different administrative conclusion would have been reached absent the error. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Therefore, the Court finds that the case should be remanded for further proceedings.

### 2. Plaintiff's Remaining Points of Error

As the Court finds that this case should be remanded for reconsideration based on the ALJ's error in failing to specify what weight was accorded to Dr. Woo-Telles' opinion evidence, it will not review Plaintiff's remaining claims. On remand, Plaintiff can raise any remaining issues before the ALJ. 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

### IV. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings.

**SIGNED** and **ENTERED** this 24th day of March, 2016.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**